UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

STATE OF LOUISIANA                      CASE NO.  2:24-MC-00047

VERSUS

CAROL JAMES VINCENT

### MEMORANDUM RULING

    Before the court is a pro se petition filed by Carol James Vincent, seeking transfer of the pending criminal case against him in Sulphur City Court to the United States District Court for the Western District of Louisiana. Doc. 1. To this end Mr. Vincent cites federal recusal statutes and maintains that his right to a fair trial under the United States Constitution has been threatened by alleged bias on the part of the Sulphur City Court judge. *Id.*

    Constitutional errors in state criminal proceedings may be challenged in federal court only after a petitioner has exhausted his remedies in state court. *See* 28 U.S.C. § 2254(b). This entails submitting the claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Additionally, under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must decline to interfere with state criminal proceedings "except in extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Rodriguez v. Salazar*, 2019 WL 5624756, at *1 (W.D. Tex. Oct. 31, 2019). The Fifth Circuit has emphasized that the federal court **must** abstain from exercising jurisdiction over a dispute when (1) the dispute involves an ongoing state judicial

proceeding, (2) the subject matter of the dispute implicates important state interests, and (3) the ongoing state proceedings afford adequate opportunities for raising the constitutional challenges. *Wightman v. Tex. Sup. Ct.*, 84 F.3d 188, 189–90 (5th Cir. 1996).

The State of Louisiana has an important interest in enforcing its laws and regulations. Petitioner has more than adequate opportunity to raise his challenges in the state courts. Additionally, he has not shown extraordinary circumstances setting him apart from most other criminal defendants raising some sort of constitutional error in their case. Accordingly, this matter will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**THUS DONE AND SIGNED** in Chambers on the 10th day of June, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**